UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| GREG MCGUIRE, ) | |
|       Plaintiff, ) | |
| ) | |
|    vs. ) | 1:06-cv-1273- SEB-JMS |
| ) | |
| TENACITY, INC., d/b/a THE DAILY SUN, ) | |
| and, THE DAILY SUN, ) | |
|       Defendants. ) | |

## ENTRY ON MOTION TO DISMISS

Plaintiff, Greg McGuire, originally filed this action only against Defendant, The Daily Sun, claiming that he had been subject to discrimination, in violation of the Americans With Disabilities Act (ADA) and the Employee Retirement and Income Security Act (ERISA), and that he was also subject to a retaliatory discharge, in violation of ERISA. The Defendant filed a Motion to Dismiss or In the Alternative to Quash Service (Doc. #21) and, subsequently, McGuire filed an Amended Complaint naming both The Daily Sun and Tenacity, Inc. as Defendants. Some of the issues raised in the dismissal motion survive the amendment to the Complaint and the parties have now completed their briefing on that motion. This entry resolves those issues.

Defendants claim first that Tenacity, Inc. is the only appropriate defendant here, because The Daily Sun is simply the name of the newspaper published by Tenacity, Inc., and is not itself a suable entity. Even if it were a suable entity, Defendants claim that it was not properly served. Tenacity, Inc. has voluntarily waived service of the Amended

Complaint. Further, Plaintiff has interposed no objection to Defendants' contention that The Daily Sun is not a suable entity and that attempted service of the initial complaint on it was ineffective. Therefore, with respect to The Daily Sun, Defendants' motion is well taken and dismissal shall enter.

But that is as far as Defendants' success goes, for now. The remainder of Defendants' motion is premised on the contention that Tenacity did not employ sufficient employees to bring it within the terms of the ADA and, further, that during the time that McGuire was working at the paper, it did not offer a benefit plan to employees and therefore was not subject to any ERISA requirements. Thus, according to Defendants, Plaintiff has failed both to establish subject matter jurisdiction and to state a claim upon which relief may be granted. However, Defendants' arguments are more suited to a summary judgment motion because the pleadings, alone, do not support a dismissal of these claims.

In *Arbaugh v. Y&H Corp.*, 546 U.S. 500 (2006), the Supreme Court made clear that whether an employer employed a sufficient number of employees to be subject to the requirements of Title VII of the Civil Rights Act of 1964 was not a jurisdictional issue, but rather an essential element of the claim which Plaintiff must prove in order to prevail on its claim. *Id.* at 513-15. Prior to the decision in *Arbaugh*, there was additional authority for holding that numerosity in an ADA case is not a jurisdictional issue. *See E.E.O.C. v. St. Francis Xavier Parochial School,* 117 F.3d 621, 623-24 (D.C. Cir. 1997).

The Supreme Court in *Arbaugh* did not limit the holding only to Title VII cases; its analysis applies across the spectrum of federal discrimination statutes, all of which employ nearly identical language regarding numerosity.  *See Minard v. ITC Deltacom,* 447 F.3d 352, 353 (5th Cir. 2006)(applying *Arbaugh* analysis to FMLA claim). Accordingly, Defendants' challenge to subject matter jurisdiction based on the lack of a sufficient number of employees is premature and cannot succeed at this early juncture.

We next address Defendants' assertion, pursuant to Fed. R. Civ. P. 12(b)(6), that Plaintiff's Amended Complaint fails to state a claim upon which relief can be granted.  Our review is necessarily limited to the face of the complaint.  *St. John's United Church of Christ v. City of Chicago*, 502 F.3d 616, 625 (7th Cir. 2007).  Though Defendants' proffer of affidavits may have relevance at some future point in this litigation regarding whether McGuire's ADA or ERISA claims have merit, for now the Amended Complaint sufficiently alleges a plausible basis for a claim under both statutes, and the motion to dismiss must be denied.

## *Conclusion*

For the reasons outlined above, Defendants' Motion to Dismiss or In the Alternative to Quash Service (Doc. #21) is **GRANTED IN PART** insofar as The Daily Sun is dismissed as a party to this litigation.  In all other respects, the motion is **DENIED.**

**IT IS SO ORDERED.**

Date: 02/22/2008

*Sarah Evans Barker*

SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

**Copies to:**

Kimberly A. Carr
BEST VANDERLAAN & HARRINGTON
kcarr@bestfirm.com

Melissa R. Garrard
mgarrard@tds.net

Joseph E. Urani
BEST VANDERLAAN & HARRINGTON
jurani@bestfirm.com

Lori Ann Vanderlaan
BEST VANDERLAAN & HARRINGTON
lvanderlaan@bestfirm.com